**UNITED STATES BANKRUPTCY COURT**  **NOT FOR PUBLICATION**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re:                                          .
                                                .  Chapter 11
ACTRADE FINANCIAL TECHNOLOGIES, LTD.,           .
et al.,                                         .  Case No. 02-16212 (ALG)
                                                .  Jointly Administered
                    Debtors.                    .
-------------------------------------------------------------------x
THE ACTRADE LIQUIDATION TRUST, as               .
successors in interest to ACTRADE CAPITAL INC., .
and KENNETH P. SILVERMAN, as Chapter 7          .
Trustee of the Estate of ALLOU DISTRIBUTORS,    .
INC.,                                           .
                    Plaintiffs,                 .
                                                .
          -against-                             .  Adv. No. 09-01196 (ALG)
                                                .
GREENWICH INSURANCE COMPANY, XL                 .
REINSURANCE AMERICA (f/k/a NAC                  .
REINSURANCE CORPORATION), and GREAT             .
AMERICAN INSURANCE COMPANY,                     .
                    Defendants.                 .
-------------------------------------------------------------------x

MEMORANDUM AND ORDER

This is an adversary proceeding in which Plaintiffs seek to recover under certain surety bonds ("Bonds") that the defendant surety companies (the "Sureties") issued in support of certain instruments ("TAD's") that the Debtor ("Actrade") financed for Allou Distributors, Inc. ("Allou").[1] Generally, the Bonds required the Sureties to pay if Allou failed to "make payment in full of the face amount of any TAD" when such amount became due or if "any prior payment made to Obligee [Actrade] is recovered from the Obligee pursuant to the bankruptcy, insolvency or similar law in accordance with an

---

[1] The TAD program is described further in this Court's opinion dated June 24, 2005, 337 B.R. 791 (Bankr. S.D.N.Y. 2005). The opinion discusses some of the other legal issues relevant to the underlying dispute between Actrade and Allou.

1

order of as [sic] court of competent jurisdiction…"[2] The Sureties' liability thus would be reinstated if a payment made by Allou was avoided (recovered) in a bankruptcy or similar proceeding by Allou or its trustee.

Allou eventually collapsed amid allegations of fraud and became a Chapter 7 debtor in the U.S. Bankruptcy Court for the Eastern District of New York. In December 2003, the Chapter 7 Trustee of the Allou bankruptcy estate ("Allou Trustee") filed a claim in the Actrade Chapter 11 case asserting that millions of dollars of payments made by Allou to Actrade in the TAD program were avoidable fraudulent conveyances. The claim, which eventually reached $56 million, was converted into an adversary proceeding and vigorously litigated for years. In February 2009, the parties to the Allou adversary proceeding moved, pursuant to Bankruptcy Rule 9019, for Court approval of a settlement which provided that the Allou Trustee's claims would be settled in the amount of $14 million -- payable by the Sureties. The settlement was expressly conditioned on Actrade's ability to impose the full amount of the liability under the Bonds on the Sureties, and the parties acknowledged and provided that Actrade would have to sue the Sureties to satisfy this condition (the so-called "Bond Action").

Only the Sureties objected to the settlement. They did not contend that the settlement was unreasonable from the perspective of either the Actrade or the Allou bankruptcy estate; they contended that they were not and could not be bound by the settlement and that they had various defenses to liability under the Bonds. By order dated June 16, 2009, this Court approved the settlement as to the Actrade estate and found that

---

[2] Reference is to section A.3 of that certain bond dated March 24, 2000 issued by one of the defendants. The Bonds are each slightly different, but the differences are not material for purposes of this Memorandum.

2

it was "fair and reasonable under the standards for approval of settlements pursuant to Bankruptcy Rule 9019."

Actrade and the Allou Trustee thereafter jointly filed the instant adversary proceeding against the Sureties, and the Sureties responded with 45 affirmative defenses, counterclaims, and third-party claims. The issue for decision herein is whether the Court's order approving the settlement binds the Sureties. Actrade and Allou agree that the Sureties have the right to assert many of their defenses, but they contend that the Court has entered an "order" providing for the recovery by Allou of certain of the TADs that Actrade paid to Allou years ago. They allege that this satisfies the language of the Bonds, quoted above, that the Sureties would be liable if "any prior payment … is recovered from the obligee pursuant to the bankruptcy, insolvency or similar law in accordance with an *order* of as [sic] court of competent jurisdiction…" (emphasis added). The Sureties contend that an order approving a settlement under Bankruptcy Rule 9019 does not satisfy the condition for liability under the Bonds, and that they have the right to try the issue of Actrade's liability to Allou without being bound by the settlement.

The Sureties have cited substantial authority for the proposition that the Bonds would have had to be far more specific in binding the Sureties to a settlement to preclude them from contesting the underlying fraudulent conveyance liability of Actrade to the Allou Trustee. They cite one of the leading New York[3] cases on sureties' liability, *Conner v. Reeves*, 103 N.Y. 527 (1886), where the bond at issue made a surety liable for payment of a "judgment" against a sheriff. The New York Court of Appeals held that this language did not encompass a consent judgment, entered into by the sheriff without notice to or approval by the sureties, and that any contrary rule would "subject sureties to

---

[3] The Bonds are governed by New York law.

3

a most hazardous responsibility, and to the discretion and judgment of a third person, which might seriously imperil them." *Id.* at 532. The Court of Appeals concluded that such a judgment was "presumptive evidence only against the sureties, and that they are at liberty to show that it was not founded upon any legal liability to the plaintiff." *Id.*

There is no dispute that *Conner v. Reeves* remains good law; the Second Circuit relied on it as stating New York law in *HS Equities, Inc. v. Hartford Accident & Indem. Co.*, 609 F.2d 669, 674, n. 8 (2d Cir. 1979); *see also HS Equities, Inc. v. Hartford Accident & Indem. Co.*, 661 F.2d 264, 268 (2d Cir. 1981), again rejecting the proposition that a settlement constituted conclusive, rather than presumptive evidence of "the facts upon which it was based." The general rule under New York law is that a surety is able to take on the burden of attempting to overcome the presumption by establishing that a settlement was not founded on an actual legal liability. *See also Smith v. Columbia Cas. Co.*, 225 App. Div. 223, 232 N.Y.S. 550 (1st Dept. 1929).

These principles rest in part on the related principle that it is possible for a party to take steps to attempt to bind a surety to the result in a litigated matter. A surety can be impleaded, in an appropriate case, or it can be vouched in under an analogous common law procedure where personal jurisdiction cannot be obtained. *SCAC Transport (USA) Inc. v. S.S. Danaos*, 845 F.2d 1157 (2d Cir. 1988); *see also Hartford Accident & Indemnity Co. v. First Nat. Bank & Trust Co. of Hudson*, 281 N.Y. 162 (1939). The parties dispute the extent of the notice that the Sureties received of the avoidance litigation brought by the Allou Trustee, as well as the purpose and effect of Actrade's few contacts with the Sureties over the years. Suffice it to say for purposes of this Memorandum that Actrade did not take the steps necessary to bring the Sureties into the

4

litigation so that they would either have to take it over or be bound by a settlement thereof.

There is no question that a settlement may be presumptive evidence of the liability of the Surety's principal, and in some cases, depending on the parties' agreement, it may be more. In *In re SNTL Corp.*, 571 F.3d 826 (9th Cir. 2009), the Circuit Court recently affirmed a decision of the Bankruptcy Appellate Panel that a party's return of $110 million in the settlement of a state-law preference action, approved by order of the state court, revived a claim against a guarantor (also in bankruptcy) in the amount of $110 million. There was apparently no issue in that case as to the amount or validity of the claim against the guarantor, if any claim were revived. In any event, the facts in this case are very different from those in *SNTL Corp.* In this case, Actrade never actually proposed to pay $14 million of its own funds to the Allou Trustee in settlement of the fraudulent conveyance litigation. All monetary liability was imposed on the Sureties, and their payment of the $14 million was a condition precedent to the settlement's effectiveness.[4] Under New York law, an insurer's obligations to pay under the similar provisions of a liability insurance policy only arise when the insured has suffered an "actual monetary loss or damage", thereby providing some assurance to the insurer that there is an underlying liability. *See In re Prudential Lines, Inc.*, 158 F.3d 65, 72-73 (2d Cir. 1998); *see also In re Prudential Lines, Inc.*, 533 F.3d 151, 153 (2d Cir. 2008). There was no such assurance from the settlement in this case.

The conclusion that the Sureties should not be precluded from raising the issue of Actrade's liability also flows from the issues that were actually before this Court for

---

[4] The sole exception appears to be the cost of the instant litigation, which is not insubstantial but not the equivalent of a $14 million liability.

5

decision on the motion for approval of the settlement.    In approving a settlement under Rule 9019, the Bankruptcy Court is directed to consider the "probabilities of ultimate success should the claim be litigated." *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).[5]  But probability of success is only one of several issues to be considered, and others include "the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Id.*[6]  The Court is not required to hold an evidentiary hearing or even a mini-trial before approving a compromise;  its obligation is to "'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 497 (Bankr. S.D.N.Y. 1991), quoting *In re WT Grant Co.*, 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983).  In a particular case, any determination as to probability of success may be outweighed by other factors.  In this case, the importance of the issue of probability of success was attenuated by virtue of the fact that the monetary liability for the settlement would be imposed on a third party.  Even if Actrade's chances of success in the litigation were high, the settlement was obviously in Actrade's best interests as it proposed to impose the costs on a third party.

Under all of the foregoing circumstances, the Sureties cannot be precluded from litigating the liability of Actrade to the Allou Trustee in the underlying avoidance action.

---

[5] This Court had already considered at length the legal issues relevant to Actrade's liability in its opinion of June 24, 2005, cited in footnote 1 above.

[6] Many courts have reformulated the issues as follows: "(a) The probability of success in the litigation;  (b) the difficulties, if any, to be encountered in the matter of collection;  (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;  (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." See, e.g., *Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644-45 (3d Cir. 2006);  *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986), *cert. denied*, 479 U.S. 854 (1986).

6

On the other hand, the Sureties cannot be permitted to use litigation tactics to attempt to destroy an otherwise reasonable settlement.  The Sureties are entitled to a full and fair hearing on their 45 affirmative defenses, their counterclaims, and their third-party claims, as well as on the issue of Actrade's liability to the Allou Trustee, but they are not entitled to delay the ultimate judicial determination of their liability, if any.  They, too, must act according to principles of good faith and fair dealing.  *U.S. Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 64 (2d Cir. 2004).  For example, the Sureties have asked for 18 months of discovery on the issue of Actrade's liability to Allou.  This appears to be an effort to undermine the settlement, not to prepare for trial.  There is no suggestion in the record that Actrade's counsel in the litigation with Allou was not competent or that Actrade did not properly prepare the case over the course of five years of litigation.  More than 20 depositions were taken, more than one million pages of documents were exchanged, and five expert reports were prepared and exchanged.  The parties engaged in two rounds of mediation with two different mediators.  Nothing herein is intended to preclude the Sureties from properly preparing their case on the issue of liability as well as any other issue raised by their defenses.  However, there is no reason to proceed as if the trial preparation by the original parties were not exhaustive, or as if the Sureties could not draw upon Actrade's years of preparation for the trial of the issues.

Based on the foregoing, the Court finds that the Sureties are not precluded by the approval of the settlement from litigating the underlying liability of Actrade to the Allou Trustee.  The Court will take up any further issues at the next pretrial conference on

7

September 17, 2009, at the time certain issues relating to a release are scheduled to be considered.

    IT IS SO ORDERED.

Dated:  New York, New York
       September 3, 2009

                                      */s/ Allan L. Gropper*_____
                                      UNITED STATES BANKRUPTCY JUDGE